UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBY JO BUSZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:23-CV-51-HAB |
| JUDGE STEPHANIE KATICH, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff filed a pro se complaint (ECF No. 1) and a motion to proceed in forma pauperis (ECF No. 2). Because the complaint does not state a claim upon which relief can be granted, this case will be dismissed.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The entirety of Plaintiff's allegations is the following sentence: "Judge Stephanie Katich cherry picked my medical evidence." (ECF No. 1 at 2). An attachment to the complaint shows that Judge Katich was the administrative law judge that ruled on Plaintiff's application for social security benefits. (*See* ECF No. 1-1). That attachment, a ruling by Magistrate Judge Collins on Plaintiff's appeal of Judge Katich's opinion, does state that Judge Katich "cherry-picked the evidence" on one of Plaintiff's claims. (*Id.* at 4).

The problem for Plaintiff is that Judge Katich is immune from suit.

> [W]hen a government official serves in a judicial or quasi-judicial capacity, the principles underlying the doctrine of absolute immunity are strongly implicated. In such a situation, the doctrine prevents officers from acting "with an excess of caution or otherwise . . . [that] skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their inquiry" out of a fear of litigation or personal monetary liability.

*Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 622 (7th Cir. 2002) (citations omitted). Here, Plaintiff's claims address only Judge Katich's legal opinion. That opinion, even if legally and factually incorrect, cannot form the basis for a lawsuit.

This leaves the question of whether Plaintiff should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). While the Court is generally inclined to give *pro se* plaintiffs considerable leeway, and nearly always grants at least one opportunity to amend, the Court sees no reason to do so here. There is no way to attack Judge Katich's opinion denying Plaintiff's social security benefits that does not implicate her absolute

2

immunity. No purpose is served by allowing Plaintiff to amend his complaint, so the Court will not grant leave to amend.

    For these reasons, this case is DISMISSED.

    SO ORDERED on February 7, 2023.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT